IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MICHAEL THOMAS MCLEMORE**                                              **PETITIONER**

**V.**                                           **CIVIL ACTION NO. 3:21-CV-820-HTW-LGI**

**WARDEN P. BOULET**                                                    **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Michael McLemore filed the instant petition for writ of habeas to 28 U.S.C. § 2241, seeking judicial review of his sentence computation by the Federal Bureau of Prisons ("BOP"). McLemore contends that he is entitled to prior custody credit for the period that he was on loan to the federal authorities pursuant to a writ of habeas corpus *ad prosequendum*. Respondent asserts that the petition should be dismissed, however, because Petitioner failed to exhaust his administrative remedies, or alternatively on the merits. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the petition be dismissed for lack of exhaustion.

In September 2014, McLemore was temporarily transferred from the Mississippi Department of Corrections to federal custody pursuant to a federal writ of habeas corpus *ad prosequendum*. He was sentenced on December 16, 2015, to a 260-month term of imprisonment and returned to state authorities on January 8, 2016. The federal sentencing order did not specify whether his federal sentence would run consecutively or concurrently to any other sentence. On June 24, 2016, he was paroled by MDOC and

transferred to federal custody to commence serving his 260-month federal sentence.  In

the instant petition, McLemore asserts that BOP has failed to apply all "federal sentence

credit for time served on a concurrent state sentence" before his federal sentence

commenced.  As relief, he requests that this Court credit him for time served pursuant to

the writ of habeas corpus *ad prosequendum,* from September 11, 2014, to June 24, 2016.

## Discussion

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that

"[n]o action shall be brought with respect to prison conditions under section 1983 of this

title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted."

Inmates exhaust their administrative remedies by complying with the BOP's

Administrative Remedy Program.  The BOP establishes a four-step administrative

remedies process for inmates seeking formal review of issues relating to their

confinement.  28 C.F.R. §§ 542.10–542.19.  An inmate must first file a BP-8 form

requesting informal resolution.  If this is unsuccessful, the inmate must submit a formal

written Administrative Remedy Request directly to the Warden through a BP-9 form

within 20 days after the basis for the grievance occurred.  Within 20 days of the

Warden's response, the inmate may appeal to the Regional Director by filing a BP-10

form.  If not satisfied with the Regional Director's response, the inmate may appeal by

submitting a BP-11 form to the General Counsel within 30 days.  Upon completing this

multiple-tiered review process, the inmate has exhausted his administrative remedies.

Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted their administrative remedies. *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001). But when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994)). The "[petitioner] bears the burden of demonstrating the futility of administrative review." *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (quoting *Fuller*, 11 F.3d at 62). If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

As evidence of McLemore's failure to exhaust, Respondent submits his administrative history and an affidavit from Lisa Singleton, a Deputy Case Management Coordinator at FCC Yazoo with access to and knowledge of "SENTRY"— a computer records system that tracks an inmate's use of the BOP's administrative remedies program. A review of McLemore's administrative remedy filings since his incarceration reflects one remedy series concerning pre-custody credit. McLemore completed the first three steps of the administrative-remedy program but did not perfect the appeal to the Office of General Counsel. Though he seems to contend this was sufficient, the law is clear. An inmate must complete all steps in the administrative process, including complying with administrative deadlines and other procedural rules before exhaustion is

proper.  *Woodford v. Ngo,* 548 U.S. 81, 89–92 (2006).  It is not enough to merely initiate

the grievance process.  Petitioners must pursue the "grievance remedy to conclusion."

*Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001); *Porter v. Peterson*, 747 F.

App'x 247, 248 (5th Cir. 2019).   McLemore has not shown or alleged that administrative

remedies were rendered unavailable to him, nor has he demonstrated the futility of

administrative review.  *See Fuller*, 11 F.3d at 62.  Even if he could make this showing,

records from BOP's Designation and Sentence Computation Center reveal he is not

entitled to relief on the merits.

The United States Attorney General, through the BOP, "determines what credit, if

any, will be awarded to prisoners for time spent in custody prior to the commencement of

their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (citing

*United States v. Wilson,* 503 U.S. 329, 331-32, 334 (1992)).  The computation is

governed by 18 U.S.C. § 3585, and includes a two-step determination:  first, the BOP

determines the date on which the federal sentence commences and, second, the BOP

determines whether the prisoner is entitled to any credit for time spent in custody before

the commencement of the sentence, i.e., prior-custody credit.  Section 3585 provides:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

> > (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**_that has not been credited against another sentence._**

18 U.S.C. § 3585 (emphasis added).  Based on the plain language of the statute, a defendant commences his federal sentence when he is received in federal custody to begin serving that sentence, and he receives credit for time served *only* if it has not been credited against another sentence, "regardless of whether the sentence is federal, state or foreign." BOP Program Statement 5880.28, Sentence Computation Manual.  Simply put, the BOP decides "*where* a federal sentence will be served, *when* it begins, and, in certain respects, *how* long it will last." *United States v. Aparicio*, 963 F.3d 470, 478 (C.A.5 (Tex.), 2020) (quoting *United States v. Cibrian*, 374 F. App'x 524, 529–30 (5th Cir. 2010)).

As noted, McLemore maintains that he should receive prior custody credit for the period that he was on loan to the federal government pursuant to a writ of habeas corpus *ad prosequendum*.  But "the writ merely loans the prisoner to federal authorities, and the prisoner technically remains in state custody." *Dominguez v. Williamson*, 251 F.3d 156 (5th Cir. 2001) (internal quotation marks omitted).  Thus, although transferred to federal custody pursuant to the writ, the State of Mississippi retained primary jurisdiction over him until he was paroled on the state offense and transferred to exclusive federal custody in June 2016.  McLemore is not entitled to any additional credit prior to his state parole as a "federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served," which was not the case here.  *United*

*States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)).  And the record reflects that such

time was previously credited toward his state sentence.  *Dominguez*, 251 F.3d 156 ("a

defendant is not entitled to credit towards a federal sentence for the time spent in a

federal detention center under a writ of habeas corpus *ad prosequendum* if the defendant

receives credit for that time on his state sentence.").  If McLemore were allowed federal

credit for time spent serving a sentence imposed by the Mississippi state court, he would

be receiving double credit, contrary to 18 U.S.C. § 3585(b).  *Myrick v. Blackmon*, No.

3:15CV31 HTW-LRA, 2017 WL 4929906, at *2 (S.D. Miss. Sept. 6, 2017), *report and*

*recommendation adopted,* No. 3:15-CV-31-HTW-LRA, 2017 WL 4896548 (S.D. Miss.

Oct. 30, 2017).

In sum, McLemore is not entitled to have the time spent in custody pursuant to the

writ applied toward the satisfaction of his federal sentence under § 3585 (b), nor is he

entitled to have the time spent in service of his state sentences applied towards the

satisfaction of his federal sentence.  His claim that the BOP has denied him additional

credit to which he is entitled fails.  For the reasons stated, the undersigned recommends

that the petition be dismissed with prejudice.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States*

*District Courts for the Southern District of Mississippi*, any party may serve and file

written objections, within 14 days after being served with a copy of this Report and

Recommendation.  Within 7 days of the service of the objection, the opposing party must

either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on September 29, 2023.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE